IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO CERVANTES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C **05C 5450** |
| v. ) | |
| ) | |
| COOK COUNTY DEPARTMENT OF ) | |
| CORRECTIONS OFFICER BOWENS, ) | |
| Individually; COOK COUNTY ) | JURY DEMANDED |
| SHERIFF MICHAEL F. SHEAHAN ) | |
| and COOK COUNTY, ) | JUDGE ANDERSEN |
| ) | |
| Defendants. ) | |

MAGISTRATE JUDGE SCHENKIER

### COMPLAINT

The plaintiff Mario Cervantes, by and through his attorneys Shestokas Raines Odim & Malavia, P.C., complains as follows against the defendants Cook County Department of Corrections Officer Bowens, Cook County Sheriff Michael Sheahan, and Cook County:

### Jurisdiction and Venue

1. This Court has jurisdiction of this action under the Civil Rights Act, 42 U.S.C. §1983 et seq.; the judicial code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

2. Venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### Parties

3. Plaintiff, Mario Cervantes, is a citizen of the United States, who, at the time of the events complained of, resided in the city of Chicago, Illinois.

4. Defendant Cook County Deputy BOWENS ("BOWENS") was, at the time of the events complained of, employed by the Cook County Sheriff's Department, and was acting under color of state law and as employee, agent, or representative of the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

5. Defendant Cook County is empowered and directed to pay any judgment for compensatory damages (and associated attorney's fees and costs) for which any Cook County Sheriff's Department deputy, including defendant BOWENS, acting within the scope of his/her employment is found liable. Accordingly, Cook County is an indemnification party to Count II of this Complaint.

6. Defendant Cook County Sheriff MICHAEL F. SHEAHAN ("SHEAHAN") is and at all times material to the events complained of in this complaint the elected Sheriff of Cook County. In his official capacity as Sheriff of Cook County, SHEAHAN is the senior most person responsible for the operation of the Cook County Department of Corrections, including the creation and implementation of its policies and procedures with respect to the care and custody of pre-trial detainees.

### Facts

7. On or about September 15, 2005, plaintiff was incarcerated as a pretrial detainee in the Cook County Department of Corrections, located at 2700 South California Avenue, Chicago, Illinois.

8. On or about September 15, 2005, Defendant BOWENS was on duty on the same floor on which the plaintiff was being housed at the Cook County Department of Corrections.

2

9. On September 15, 2005, Plaintiff Mario Cervantes was shackled by his arms and legs while certain unknown Cook County Department of Corrections Officers and defendant BOWENS conducted a "shakedown" or search on the floor on which plaintiff was being housed.

10. After the shakedown and while the plaintiff was still shackled by his arms and legs, defendant BOWENS struck the plaintiff in the mouth with a violent blow that broke and knocked out some of the plaintiff's front teeth.

11. At all times relevant to the allegations contained in this complaint, no cause, legal or otherwise, existed for defendant BOWENS to assault and batter the plaintiff.

12. The physical violence inflicted upon the plaintiff by the defendant BOWENS was excessive, unnecessary, and unreasonable.

13. On information and belief, the incident was videotaped by Department of Corrections Officers and/or equipment.

14. As a result of the actions of defendant BOWENS, the plaintiff sustained severe permanent physical injury, mental, and emotional pain and suffering, all proximately caused by the defendants.

15. The acts of the defendants as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights.

16. On information and belief, for a period of time prior to September 15, 2005 and continuing into the present, the Cook County Department of Corrections had and continues to have:

a. Policies, procedures, customs and practices under which pre-trial detainees such as the plaintiff are routinely subjected to violent, excessive, and unjustified physical, mental, and emotional abuse at the hands of Department of Corrections Officers;

b. Policies, procedures, customs and practices of failing to investigate the complaints of pre-trial detainees who have been subjected to violent, excessive, and unjustified physical, mental, and emotional abuse at the hands of Department of Corrections Officers;

c. Policies, procedures, customs and practices of failing to take proper remedial action or take disciplinary actions against officers of the Department of Corrections who have subjected pre-trial detainees to violent, excessive, and unjustified physical, mental, and emotional abuse at the hands of Department of Corrections Officers;

d. Policies, procedures, customs and practices of accepting, encouraging, and fabricating false reports from Department of Corrections Officers who have subjected pre-trial detainees to violent, excessive, and unjustified physical, mental, and emotional abuse at the hands of Department of Corrections Officers;

e. Policies, procedures, customs and practices of losing, misplacing, and destroying evidence of violent, excessive, and unjustified physical, mental, and emotional abuse of pre-trial detainees at the hands of Department of Corrections Officers; and

f. Policies, procedures, customs and practices of failing or refusing to follow state law and regulations and Department of Corrections policies and regulations regarding the preservation and recording of certain interactions between Cook County Department of Corrections officers and pre-trial detainees.

4

17. The Policies, procedures, customs and practices, as alleged above, have gone unchecked and been allowed to exist in the Cook County Department of Corrections for a significant period of time, so much so, that Cook County Department of Corrections officers recognize that they will not be punished for committing violent, excessive, and unjustified physical, mental, and emotional abuse against pre-trial detainees. These policies, procedures, customs and practices, permitted and quietly consented to by Defendant SHEAHAN and his Department of Corrections subordinates, cause violent, excessive, and unjustified physical, mental, and emotional abuse against pre-trial detainees to re-occur.

## COUNT I

### (Against Defendant BOWENS for § 1983 EXCESSIVE FORCE)

18. Plaintiff here re-alleges paragraphs 1 through 17.

19. The actions of the defendant BOWENS toward the plaintiff deprived the plaintiff of rights, privileges, and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted in accordance with the provisions of those amendments, including 42 U. S. C. § 1983.

20. The defendant officers acted maliciously, willfully, wantonly, and/or in reckless disregard of the plaintiff's constitutional rights to be free from the use of excessive and unnecessary force.

21. The actions of the defendant BOWENS as described in this count were the direct and proximate cause of the constitutional violations described above.

**WHEREFORE**, plaintiff demands compensatory damages, punitive damages, costs, and attorneys fees against the defendant BOWENS; additionally, plaintiff demands whatever further relief this Court deems equitable and just.

## COUNT II

### (Against Cook County for INDEMNIFICATION)

22. Plaintiff here re-alleges paragraphs 1 through 21.

23. Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, COOK COUNTY is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Cook County officer, such as SHEAHAN, and his deputies, including defendant BOWENS, acting within the scope of their employment are found liable.

24. The acts of Defendant BOWENS were committed within the scope of his employment.

25. In the event that a judgment for compensatory damages is entered against defendant BOWENS, COOK COUNTY must pay the judgment as well as associated attorneys' fees and costs.

**WHEREFORE**, plaintiff demands compensatory damages, punitive damages, costs, and attorneys fees against the defendant COOK COUNTY; additionally, plaintiff demands whatever further relief this Court deems equitable and just.

## COUNT III

### (Against Sheahan and Bowen For ASSAULT AND BATTERY)

26. Plaintiff here re-alleges paragraphs 1 through 25.

27. On September 15, 2005, the defendants owed plaintiff a duty to be reasonable in their care and custody of pre-trial detainees housed in the Cook County Department of Corrections.

28. The defendants, jointly and severally, violated their duty of care to the plaintiff by intentionally, willfully and wantonly assaulting and battering him and by intentionally, willfully and wantonly causing him emotionally distress.

29. Defendant Sheahan, according to the principle of *respondeat superior*, is responsible for the wrongful conduct of defendant BOWENS as alleged in this complaint.

**WHEREFORE**, plaintiff demands compensatory damages, punitive damages, costs, and attorneys fees against the defendants BOWENS and SHEAHAN; additionally, plaintiff demands whatever further relief this Court deems equitable and just.

## COUNT IV

### *Monell* Claim

30. Plaintiff here re-alleges paragraphs 1 through 17.

**WHEREFORE**, plaintiff demands compensatory damages against the County of Cook, costs, and attorney's fees; additionally, plaintiff demands whatever further relief this Court deems equitable and just.

**Plaintiff demands a jury trial on each count of this Complaint.**

7

September 21, 2005                      Respectfully submitted,

*[signature]*

Carlton Odim
Roger Malavia
Shestokas Raines Odim & Malavia, P.C.
Suite 1402
19 South La Salle Street
Chicago, Illinois 60603
(312) 578-9390