UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO CERVANTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No: 05 C 5450** |
| | ) | |
| **COOK COUNTY DEPARTMENT OF** | ) | Judge Wayne R. Andersen |
| **CORRECTIONS OFFICER BOWENS,** | ) | |
| **Individually; COOK COUNTY SHERIFF** | ) | |
| **MICHAEL F. SHEAHAN and COOK** | ) | |
| **COUNTY,** | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the unopposed motion of Defendant Officer Bowens for judgment on the pleadings. For the following reasons, the motion is granted.

### BACKGROUND

On September 21, 2005, Plaintiff Mario Cervantes filed a complaint for relief pursuant to 42 U.S.C. § 1983, alleging excessive force and state law claims of assault and battery. After voluntarily dismissing Sheriff Michael Sheahan and Cook County, Plaintiff currently asserts his claims against only Officer Bowens in his individual capacity. Plaintiff alleges that Officer Bowens violated his constitutional rights on September 15, 2005, while Plaintiff was being held as a pre-trial detainee in the Cook County Department of Corrections. Plaintiff alleges that Officer Bowens struck him in the mouth while he was shackled.

Plaintiff has filed no inmate grievances regarding this incident. Instead, six days after the incident, he filed the instant case in federal court.

## DISCUSSION

Officer Bowens has filed a Fed.R.Civ.P. 12(c) motion for judgment on the pleadings. A defendant may "use a rule 12(c) motion after the close of the pleadings to raise various 12(b) defenses regarding procedural defects, in which case the courts apply the same standard application to the corresponding 12(b) motion." *Alexander v. City of Chicago*, 944 F.2d 333, 336 (7th Cir. 1992). Moreover, the Seventh Circuit routinely affirms the district court's dismissal of prisoner complaints on the pleadings when the plaintiff has failed to allege that he has exhausted the administrative remedies available to him. *See Ford v. Johnson*, 362 F.3d 395 (7th Cir. 2005); *Massey v. Helman*, 196 F.3d 727 (7th Cir. 2000); *Massey v. Wheeler*, 221 F.3d 1030, 1032-33 (7th Cir. 2000).

In this case, Plaintiff has not alleged that he has exhausted his administrative remedies prior to filing the instant lawsuit. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA") requires that:

> No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.

The United States Supreme Court recently reiterated the holding that exhaustion of administrative remedies, specifically concerning inmate grievances, is not left to the discretion of the district court, but is mandatory. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006) (*citing Booth v. Churner*, 538 U.S. 731, 739 (2001)). Further the Seventh Circuit has long interpreted the PLRA as a mandate requiring exhaustion of administrative remedies before an inmate can file a lawsuit. *Perez v. Wisconsin Dep't. Of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).

2

In the instant action, the alleged incident occurred on September 15, 2005, and Plaintiff filed this lawsuit in federal court six days later. At the time he filed his Complaint, Plaintiff had not filed an inmate grievance related to the alleged injury, nor is there any indication that he has ever filed an administrative grievance regarding the incident. Thus, it is clear that Plaintiff has not exhausted his administrative remedies prior to filing this lawsuit, a procedure which is mandated by the PLRA and case law. Therefore, we grant Officer Bowens' unopposed motion for judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, we grant the unopposed motion of Defendant Officer Bowens for judgment on the pleadings. (#52).

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: February 6, 2007

3